

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

New Case Electronically Filed:
March 18, 2016 10:43

By: MICHAEL L. FINE 0077131

Confirmation Nbr. 700721

| | |
|---|---|
| LATRESA HOOD | CV 16 860616 |
| vs. | **Judge:** |
| COMENITY BANK | |
| | PETER J. CORRIGAN |

**Pages Filed:** 6

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **LATRESA HOOD** <br> 14408 Granger Road, Apt, 104 <br> Maple Heights, OH  44137 <br><br> Plaintiff, <br><br> v. <br><br> **COMENITY BANK** <br> PO Box 182273 <br> Columbus, Ohio 43218-2273 <br><br> Defendant. | CASE NO: <br><br> JUDGE _____ <br><br><br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES PLAINTIFF, **LATRESA HOOD,** by and through the undersigned counsel, and for her complaint against Defendant, **COMENITY BANK** ("Comenity") states as follows:

### INTRODUCTION

1. This action is brought for violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 (the "TCPA"), which prohibits calls using automatic telephone dialing systems, or artificial or prerecorded voices, to call cellular telephones without the express permission of the recipient, and which creates a private right of action to redress violations thereof. Congress has found that such unwanted automated calls are a "nuisance and **an invasion of privacy,** regardless of the type of call" (emphasis added).

2. In addition, this action is brought for corollary claims for common law invasion of privacy.

## VENUE AND JURISDICTION

3. Whereas the events and circumstances leading up to and asserted in this Complaint arose in Cuyahoga County, this Court is the proper venue under Civ. R. 3(B)(3).

4. As Defendant transacts business in Ohio and caused tortuous injury to Plaintiff in Ohio, Defendant is subject to this Court's personal jurisdiction.

5. Whereas as the laws/causes of action noted above invest Plaintiff with a private cause of action and permit Ohio courts of competent jurisdiction to hear said claims, this Honorable Court has subject jurisdiction of these claims.

## PARTIES

6. Latresa Hood is, and was at all relevant times herein, a resident of Cuyahoga County, Ohio.

7. On information and belief, Comenity is a bank doing business in Ohio.

## FACTS.

8. Comenity issued a number of credit cards to Ms. Hood.

9. When she applied for the cards, Ms. Hood may have provided her home telephone line and cell phone line numbers to Comenity.

10. Within the past year or so, Ms. Hood encountered difficult financial circumstances, including lost employment, and fell behind on her payments to Comenity.

11. Ms. Hood informed Comenity that she was experiencing financial difficulties but was nonetheless trying to pay off her debts.

12. Nonetheless, Comenity began calling Ms. Hood incessantly on her home line and on her cellular telephone.

13. Comenity placed these calls using an automatic telephone dialing system and/or using an artificial or prerecorded voice.

Electronically Filed 03/18/2016 10:43 / / CV 16 860616 / Confirmation Nbr. 700721 / CLDMK

14. In fact, in a three (3) month period alone, Comenity made more than 800 calls to Ms. Hood's cell phone, which equates to an average of nearly 10 calls per day every day for three months.

15. In fact, Comenity Bank often called Ms. Hood upwards of 13 times per day.

16. These were just the calls to the Ms. Hood cell phone.

17. Comenity placed a comparable number of calls to Ms. Hood's home line as well.

18. Thus, in a three to four month period, **Comenity called Ms. Hood nearly <u>2,000 times</u>**.

19. Ms. Hood requested that Comenity stop calling her.

20. However, Comenity refused.

21. Comenity's incessant and harassing calls served no constructive purpose but caused enormous stress and emotional suffering to Ms. Hood as well as her entire family.

22. Ms. Hood does not believe that she ever authorized Comenity to call her on her cellular telephone.

23. She certainly never authorized Comenity to call her hundreds if not thousands of times on her home and cell phone for no constructive purpose, and no provision by Ms. Hood of her line numbers on any standard form or in the course of any conversation with any Comenity agent can be reasonably understood as granting such authorization.

24. Nonetheless, even if she had authorized such calls at one time, that authorization was revoked numerous times, impliedly and expressly, during calls to or from Comenity.

25. Comenity's conduct caused Ms. Hood aggravation, embarrassment, humiliation, stress, anxiety, and other emotional injury.

26. Moreover, Comenity's outrageous conduct would cause any person of ordinary sensibilities similar emotional injury.

27. In connection with the facts, events, and averments herein, Defendant acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiff's rights and safety.

**<u>FIRST CLAIM FOR RELIEF</u>**
(TCPA Violations)

28. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

29. As described above, Comenity made calls to Plaintiff's cellular telephone, via an automatic telephone dialing system and/or using an artificial or prerecorded voice, without her express permission.

30. Even if Plaintiff had provided her cell phone number to Comenity as part of a credit application, which can in the ordinary case be considered "consent to call" per FCC rules and case law, according to the FCC and case law such consent is "not unlimited."

31. As such, no provision by Ms. Hood of her cell phone number as part of a credit application, or during the course of a conversation with an agent of Comenity to confirm her identity, could be reasonably be understood to grant to Comenity the unfettered right to robo-call Ms. Hood hundreds/thousands of times for no constructive purpose as it has done in this matter.

32. Furthermore, even if Comenity had permission to call Ms. Hood on her cell phone at one time, according to the FCC and case law that authorization may be revoked by Ms. Hood under the TCPA in writing *or orally*, expressly *or impliedly*, and may be deduced by the totality of the circumstances.

4

33. In this case, Ms. Hood revoked any authorization to call her cell phone during one or more conversations between her and Comenity, and/or as may otherwise be implied by the totality of the circumstances herein.

34. Thus, under the TCPA, Comenity is liable to the Plaintiff for a minimum of $500 for each such unauthorized call to her cell phone and up to $1,500 per call.

**SECOND CLAIM FOR RELIEF**
(Invasion of Privacy)

35. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully rewritten herein.

36. By calling Ms. Hood incessantly on her home and cell phones as described herein, Comenity intruded into her private life and activities in an outrageous manner and in a manner that would cause (and did cause) mental suffering, shame, or humiliation to a person of ordinary sensibilities.

37. Ms. Hood has been damaged thereby and is entitled to compensation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays as follows:

A. By statute, that this Court award to Ms. Hood $1,500 *for each call* placed by Defendant to her cell phone.

B. That this Court award to Ms. Hood her actual damages in an amount to be proven at trial to include, without limitation, compensation for fear, annoyance, aggravation, embarrassment, damage to reputation, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, associated physical ailments, and economic loss.

C. That this Court award to Ms. Hood punitive damages.

D. That this Court enjoin Defendant from calling consumers in the State of Ohio in the

Electronically Filed 03/18/2016 10:43 / / CV 16 860616 / Confirmation Nbr. 700721 / CLDMK

manner described herein.

E. That this Court awards attorney's fees, costs, and interest to Ms. Hood.

F. That this Honorable Court awards to Ms. Hood such other and further relief as may be just and equitable.

                               Respectfully submitted,

                               s/ Michael L. Fine
                               Michael L. Fine (0077131)
                               3684 Silsby Road
                               University Heights, OH  44118
                               Phone (216) 320-9950
                               Fax (216) 320-9953
                               mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

                               s/ Michael L. Fine
                               Michael L. Fine (0077131)